FREDERIC W. STEVENS, EUGENE STEVENSON, EDMUND B. LEAM-
ING, VIVIAN M. LEWIS, JOHN H. BACKES, JOHN GRIFFIN.
JOHN E. FOSTER, MERRITT LANE, MALCOLM G.
BUCHANAN AND JAMES F. FIELDER,
VICE-CHANCELLORS.

TURNER & SEYMOUR MANUFACTURING COMPANY, a corporation,

*v.*

ACME MANUFACTURING COMPANY, a corporation.

[Decided March 10th, 1920.]

1. Where there are judgment creditors of a corporation against whom
a conditional bill of sale would be invalid for lack of proper recording,
the receiver of the corporation appointed under the statute may, in the
right of the judgment creditors, set up the defect.

347

2. Under *P. L. 1919 p. 456 § 2*, the receiver may be directed to exercise the rights of judgment creditors in behalf of the estate.

3. The act (*P. L. 1912 p. 208 § .1; Comp. Stat. 1st Supp. p. 419 § 45*), providing that a certain method of acknowledgment by officers of a corporation shall be valid is permissive and not mandatory, and, notwithstanding the act, an acknowledgment under the authority of *Hopper v. Lovejoy, 47 N. J. Eq. 573*, is still valid.

4. Under section 23 of the act concerning conveyances, as amended (*P. L. 1912 p. 326; Comp. Stat. 1st Supp. p. 408 § 7*), an acknowledgment on behalf of the corporation may be made by the officer executing the instrument without the state.

5. An instrument not otherwise required to be under seal is not required to be sealed to be recorded under the recording acts.

6. A conditional bill of sale executed by a corporation without seal may be acknowledged and recorded.

---

On bill, &c.   On claim of Henry Prentiss & Co.

On application to set aside a conditional bill of sale as being unlawfully recorded.

This matter was referred to Merritt Lane, Esquire, advisory master, who filed the following conclusions:

"The controversy involves the efficacy of the record of a conditional bill of sale given by the Acme Manufacturing Company, August 12th, 1918. The corporation has been declared insolvent and a receiver appointed. The property covered by the conditional bill of sale has been taken over by the claimant and a fund of $900 substituted therefor. The claimant objects that the receiver cannot question the recording of the instrument. It is stipulated that there are judgment creditors whose judgments were obtained prior to the appointment of the receiver. In the right of such judgment creditors the receiver may question the validity of the record of the conditional bill of sale. He may be directed to exercise the right for the benefit of the estate. *P. L. 1919 p. 456 § 2; Rapoport v. Rapoport Express Co., 90 N. J. Eq. 519.*

"The recording of the conditional bill of sale is attacked

upon the ground that the acknowledgment is made by the officer who executed it on behalf of the corporation, without the state. It is insisted that the certificate of acknowledgment does not conform with the provisions of *P. L. 1912 p. 208 § 1; Comp. Stat. 1st Supp. p. 419 § 45,* and that this statute provides an exclusive method for the taking of acknowledgments of corporations and further, that if the statute does not provide an exclusive method, an acknowledgment of a corporation cannot be taken without the state under the provisions of section 23 of an act concerning conveyances, as amended *P. L. 1912 p. 326; Comp. Stat. 1st Supp. p. 408 § 7.* The argument is that this section only applies if the 'party' who shall execute the instrument shall be without the state and inasmuch as a domestic corporation has its domicile here it can never be considered as without the state; that this section, taken in connection with *2 Comp. Stat. p. 1542 § 22,* only applies where the 'party' executing the instrument is without the state, and that a domestic corporation must always be considered to be within the state and an acknowledgment of an instrument executed by it must be taken under the provisions of section 22 within the state.

"In *Hopper* v. *Lovejoy, 47 N. J. Eq. 573,* the court of errors and appeals held that an instrument executed by a corporation might be acknowledged by the person who executed it on behalf of the corporation, under the recording acts which then existed, which were substantially the same in terms as the present sections 22, 23. The act of 1912 (*Comp. Stat. 1st Supp. p. 419 § 45*) provides 'that whenever certain officers shall acknowledge any instruments signed by them to be the voluntary act and deed of the corporation * * * and there shall be a certificate of such acknowledgment * * * it shall be as good and as effectual in law as if the said deed, paper or other writing had been made, executed and acknowledged by a natural person. Implied repealers are not favored in the law. It must be conceded as settled law, since the decision of *Hopper* v. *Lovejoy,* that an officer signing for a corporation may acknowl-

edge an instrument on behalf of the corporation under the provisions of sections 22, 23. The statute of 1912 does not, in terms, provide an exclusive method of acknowledgment for corporations. In other states substantially the same legislation has been held permissive and not mandatory. *Cone* v. *Nimocks, 98 Minn. 249; Huse* v. *Ames, 104 Mo. 91.*

"My conclusion is that notwithstanding the act of 1912 an acknowledgment of a corporation which would be valid without the act, is still valid. .

"In *Hopper* v. *Lovejoy, supra,* it was held that under the provisions of section 22 the party referred to as having executed the instrument is, in the case of a corporation, the officer executing for the corporation. The same construction of the word 'party' should be applied to section 23 so that if the party who executes the instrument on behalf of a corporation happens to be without the state his acknowledgment for the corporation may be taken without the state.

"It is lastly insisted by the receiver that the recording of the conditional bill of sale is ineffective because the instrument is not sealed.

"In *Crawford* v. *Longstreet, 43 N. J. Law 325* (at *p. 329*), the supreme court held that a lease need not be executed by a corporation under seal, citing *Baptist Church* v. *Mulford, 8 N. J. Law 182.*

"I know of no rule that requires a conditional bill of sale to be under seal. It is argued that because of the language in section 22 which requires a certificate, in the case of proof as distinguished from an acknowledgment, that the party making the proof heard the party executing acknowledge that he signed, sealed and delivered the instrument as his voluntary act and deed, no instrument not under seal can be recorded. Originally, the recording acts applied only to instruments which required a seal to be valid. As time went on other instruments were added, some of which were never required to be under seal. Notwithstanding this, the language of the sections with respect to acknowledgments and to certificates remained, in some in-

stances, as originally drafted. In section 22, in reference to proofs, it is still provided that the officer must be satisfied that the party acknowledging is the 'grantor.' Under section 21 many instruments are permitted to be recorded in which there are no grantors, technically speaking. Conditional bills of sale are not invalid if not under seal. They are required to be recorded. It is to be noticed that the act in force at the time of this transaction was the act of May 9th, 1889. *1 Gen. Stat. p. 891 § 185 et seq.; Rapoport* v. *Rapoport Express Co., supra.* There is nothing in that portion of section 22 which has to do with acknowledgments as distinguished from proofs, which requires the execution to be under seal, or the officer to certify that the party signing acknowledged that he sealed. The recording acts ought to be so construed as to effectuate the object, but not so construed as to invalidate transactions for no useful purpose. *American Soda Water Co.* v. *Stolzenbach, 75 N. J. Law 721.*

"My conclusion is that the conditional bill of sale was properly recorded and an order will be made directing the receiver to pay the fund in dispute to the claimant."

*Messrs. Bilder & Bilder (Mr. Kaufman),* for the receiver.

*Mr. W. Ludlow James,* for Henry Prentiss & Co.

WALKER, CHANCELLOR.

A decree will be made in conformity with the advice contained in the conclusions of Advisory Master Lane, which are hereby adopted as the opinion of the court.